ANDREW S. COOK, Appellant, v. HORACE B. DARROW,.
Respondent.

*County court—judgment on a report of a referee in an action commenced in a justice's court and re-tried in a County Court—how reviewed—motion for new trial need not be made in county court.*

Appeal from a judgment of the County Court of Broome county, entered upon the report of a referee in favor of the defendant.

This action was commenced in a justice's court, and was brough by an appeal into the County Court for a re-trial. The case was: re-tried before a referee and a judgment entered upon his report. An appeal was taken to the General Term. The respondent moved to dismiss the appeal upon the ground that a motion for a new trial had not been made in the County Court.

The court, at General Term, said : " Under the Code of Civil Procedure a trial by a referee cannot be reviewed by a motion for a. new trial founded upon error in fact or law, except the decision directs an interlocutory judgment to be entered, in which case a. motion for a new trial may be made at General Term. (Code Civ. Pro., §§ 1001, 1002.) These sections apply to and regulate the practice in the County Court. (Temporary act, L. 1876, ch. 449, §§ 4, 7.) The only method, under the new Code, of reviewing the decision of a referee in an action in the County Court, is by an appeal to the General Term of the Supreme Court. (*Kilmer* v. *O'Brien*, 13 Hun, 224.) The Code makes no distinction between actions brought in the County Court and those begun in a. justice's court and brought by appeal into the County Court. The method of reviewing the errors of the County Court is the same in both classes of cases, except the Supreme Court cannot review an order of the County Court made in an action brought in a justice's court. (*Andrews* v. *Long*, 9 N. Y. Week. Dig., 513 ; *Fish* v. *Thrasher*, 21 Hun, 15.) When the whole issue is tried by a. referee, except as otherwise expressly prescribed by law (which exception does not include this case), the referee's report stands as a decision of the court, and judgment may be entered thereon upon

filing the report.   (§ 1228.)   This section is also applicable to County Courts.   (Temporary act, L. 1876, ch. 449, § 8.)

" The judgment entered upon the report of the referee is the judgment of the County Court, the same as though the action had been tried by a county judge without a jury.

" We do not think it can be seriously contended that the judgment entered upon the decision of a County Court, tried without a jury, cannot be reviewed by appeal to the General Term until after a motion for a new trial has been made in the County Court.   Such practice is not provided for or contemplated by the Code."

*W. D. Edmister*, for the appellant.

*Scovill & De Witt*, for the respondent.

Opinion by FOLLETT, J. ; LEARNED, P. J., and BOOKES, J., concurred.

Judgment reversed ; new trial granted ; costs to abide event, and reference discharged.